## Morris Estate.

Argued April 19, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Joseph T. Coghlan*, with him *Ernest Lowengrund*, Assistant City Solicitors, and *Robert McCay Green*, for appellant.

*Harry Polish*, with him *James H. Duff*, Attorney General, for appellee.

OPINION BY MR. JUSTICE PATTERSON, May 10, 1943:

This is an appeal by the City of Philadelphia from a decree of the Orphans' Court dismissing its claim against the estate of Harry Morris, an indigent insane person, for reimbursement of moneys paid for his support at Norristown State Hospital.

Samuel Morris, by his will, created a trust fund of $10,000, the income to be used for the support and maintenance of his insane son, Harry Morris. At the audit of the first account of the Tradesmens National Bank & Trust Company, trustee, the City of Philadelphia, appellant, presented its claim for $1,170.52, being balance due the City for money paid to the Commonwealth for the support and maintenance of the beneficiary for the period from July 1, 1920, to May 31, 1941, in the Norristown State Hospital. At the same audit the Commonwealth of Pennsylvania, appellee, presented a claim for $2,253.63, including the City's demand of $1,170.52. The court below refused the City's claim and allowed the Commonwealth's claim in full. The City appealed.

The question is, did the legislature by the Act of 1938, P. L. 53, and amendments, take from the City all authority to seek reimbursement from the estates of indigent insane persons, or those responsible under the laws for their maintenance, for moneys expended by it prior to May 31, 1941; and, does the Department of Revenue now have sole power and authority to recover such reimbursement for "all moneys whatsoever due" for support and maintenance, including the amount paid by the municipality?

The liability of the incompetent's estate for reimbursement of the costs of maintenance is not questioned; nor is the payment of the statutory charge by the City disputed.

Prior to 1929, both the City and the Commonwealth had the right to recover their respective claims for reimbursement against the estates of indigent insane persons. The Administrative Code of 1929, P. L. 177, provided for the reorganization of various state departments and created the Department of Revenue. The Mental Health Act of 1923, P. L. 998, was amended by the Act of 1929, P. L. 700, adding section 509, which provided: "All moneys due to the Commonwealth from the estate of a

mental patient . . . for the care and maintenance . . . of such patient in a mental hospital owned and operated by the Commonwealth, shall be collected by the Department of Revenue . . ." This amendment merely designated the agency which should collect the Commonwealth's claim. Section 509 of the Mental Health Act was again amended by the Act of 1931, P. L. 641, to read in part: "All moneys whatsoever due from the estate of a mental patient . . . shall be collected by the Department of Revenue . . ." The Act of 1929, P. L. 707, was amended by the Act of 1931, P. L. 300, which provided that certain credit should be given to the City by the Department of Revenue, the amount of that credit being the difference between the amount paid by the City and the amount that would have been charged had there been no subsequent collection from the estate of the indigent insane. By the Act of 1933, P. L. 975, the City was entitled to one-half credit of all moneys received from the estate of a patient.

The legislature, by the Act of 1938, P. L. 53, undertook to centralize administration of the maintenance of indigent mentally ill persons, and provided the procedure by which the operation and control of all municipal and county owned and operated institutions should be taken over by the Commonwealth. Section 509 of the Act of 1938, P. L. 63, was substantially a reenactment of the Act of 1931, P. L. 641, providing that all moneys "whatsoever" due from the estate of an indigent insane should be collected by the Department of Revenue. Section 2 of this Act repealed the Act of 1929, P. L. 707, and amendments, and added a proviso permitting the Commonwealth to recover from municipalities and counties any moneys due under the acts repealed. The effective date of the act was extended to June 1, 1941, by the Act of 1939, P. L. 195.

Appellant contends that the legislature, by relieving the Commonwealth of the duty to account to the City, did not intend that the City should be denied the power

to secure reimbursement for moneys actually paid and that the Commonwealth should appropriate to itself money which belongs to the City; that to hold otherwise would be making the legislation retrospective, an intention not to be imputed to the legislature unless clearly manifest in the legislation itself or made so by necessary implication. Appellee contends that the Department of Revenue is given the exclusive power to collect all moneys whatsoever due from the estate. Whether recovery by appellee in this instance would prevent the City from later recovering its claim from the Commonwealth has been argued by appellant and appellee at length in their respective briefs. Since that question was not disposed of by the court below it is not properly. before us. The auditing judge, in his adjudication sustaining the claim of the Commonwealth, said: "This, of course, is without prejudice to the rights of the City of Philadelphia to sue and collect from the Commonwealth in some forum other than this court."

That the legislature has the power to take away from appellant the right to claim reimbursement from the estate of the indigent insane or from those responsible under the law for their maintenance and support is admitted by appellee. See *Pittsburg's Petition*, 217 Pa. 227, 238, 207 U. S. 161. That the legislature has done so is manifest from the plain words of the statute: "All moneys whatsoever due from the estate of a mental patient, or the persons liable under existing laws for such patient's support . . . shall be collected by the Department of Revenue . . .": Act of 1938, P. L. 63, section 509. This section is substantially a reënactment of the Act of 1931, P. L. 641, which appellant has, as shown by its actions, recognized as prohibiting it from claiming against the estate of an indigent insane. That legislation requiring the Commonwealth to account to appellant and give credit for a portion of any amount recovered by it has been repealed, does not, as appellant implies, give rise to any new right to appellant; but, on

the contrary, manifests a legislative intent that it shall, under no circumstances, be entitled to reimbursement directly from the estate of the indigent insane or those liable for his support or maintenance.

Decree affirmed. Costs to be paid by appellant.